UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN QUINN,<br><br>    Plaintiff,<br><br>    v.<br><br>CAROLYN W. COLVIN, Commissioner of Social Security,<br><br>    Defendant. | No.  2:12-cv-2008 DAD<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment and defendant's cross-motion for summary judgment. For the reasons explained below, plaintiff's motion is denied, defendant's cross-motion is granted, and the decision of the Commissioner of Social Security ("Commissioner") is affirmed.

PROCEDURAL BACKGROUND

On June 14, 2006, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on January 1, 1995. (Transcript ("Tr.") at 322.)  Plaintiff's application was denied initially, (id. at 312-15), and upon reconsideration.  (Id. at 305-09.)  Thereafter, plaintiff requested a hearing and a hearing was held before an Administrative Law Judge ("ALJ") on March 5, 2008.  (Id. at 695-712.)  In a decision issued on May 14, 2008, the ALJ found that plaintiff was not disabled.  (Id. at 34.)

However, plaintiff requested review of the ALJ's decision and on July 25, 2008, the Appeals Council vacated the May 14, 2008 decision and remanded the matter back to the ALJ.  (Id. at 285-86.)

Thereafter, a hearing was held again before the ALJ on August 3, 2010.  (Id. at 713-57.)  Plaintiff was represented by an attorney and testified at that administrative hearing.  In a decision issued on September 24, 2010, the ALJ again found that plaintiff was not disabled.  (Id. at 23-24.)

The ALJ entered the following findings at that time:

> 1.  The claimant has not engaged in substantial gainful activity since June 14, 2006, the application date (20 CFR 416.971 *et seq*.).
>
> 2.  The claimant has the following severe impairments: alcohol and polysubstance dependence; schizoaffective disorder; psychotic disorder; personality disorder; depressive disorder; and anxiety disorder (20 CFR 416.920(c)).
>
> 3.  The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4.  After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: he is able to understand, remember, and carry out simple 1- or 2-step job instructions; he has mild limitations in the ability to follow detailed and complex instructions; he has mild limitation in the ability to relate and interact with supervisors, coworkers, and the public; he has mild limitation in maintaining concentration and attention, persistence, and pace; he has mild limitation in the ability to associate with day-to-day work activity, including attendance and safety; and mild to moderate limitations in the ability to adapt to the stresses common to a normal work environment.
>
> 5.  The claimant has no past relevant work (20 CFR 416.965).
>
> 6.  The claimant was born on June 10, 1963 and was 43 years old, which is defined as a younger individual age 18-49, on the date the application was filed (20 CFR 416.963).
>
> 7.  The claimant has a limited education and is able to communicate in English (20 CFR 416.964).
>
> 8.  Transferability of job skills is not an issue because the claimant does not have past relevant work (20 CFR 416.968).
>
> 9.  Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant

> numbers in the national economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since June 14, 2006, the date the application was filed (20 CFR 416.920(g)).

(Id. at 16-23.)

On July 14, 2012, the Appeals Council denied plaintiff's request for review of the ALJ's September 24, 2010 decision. (Id. at 6-8.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on July 31, 2012.

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
>
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.

3

>Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
>Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
>Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ's treatment of the medical opinion evidence constituted legal error.[1] In this regard, plaintiff argues that the ALJ erred by "taking-non treating doctor's opinions over that of treating doctors." (Pl.'s MSJ (Dkt. No. 17-1) at 18.[2])

Plaintiff, however, fails to cite a single medical opinion from a treating physician in this case opining that plaintiff was disabled or offering an assessment of plaintiff's functional limitations. Instead, plaintiff's argument cites and refers only to medical evidence, specifically the treatment notes from his various treating physicians. Those treatment notes, however, are merely notations from individual visits to the doctors reflecting how plaintiff presented on the particular date in question, discussing the effectiveness of his medications, and the need for additional testing, etc.. They do not provide or reflect a medical opinion from a treating physician as to plaintiff's functional limitations and capacity.

/////

---

[1] Although plaintiff's motion purports to raise two separate claims, both concern the ALJ's treatment of medical opinion evidence. Accordingly, those claims will be discussed together.

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

1    Moreover, it is apparent from the ALJ's decision that the ALJ did consider the medical
2    evidence from plaintiff's treating physicians. In this regard, the ALJ's decision observed that
3    "treating sources have noted that the claimant had missed therapy appointments (Ex. B128F,
4    B140F), and have questioned his adherence to medication (Ex. B57F, B128F)." (Tr. at 21.) The
5    ALJ's decision also noted that "treating and examining sources have routinely observed evidence
6    of considerable mental functionality," and cited considerable evidence from the record in support
7    of that conclusion. (Id.) The ALJ's decision also referred to the fact that "treating sources have
8    occasionally noted that the claimant presented as mildly anxious; having impaired insight and
9    judgment; distracted and disinterested; paranoid; and with impaired memory (Ex. B57F, B11F,
10   B167F)." (Id. at 22.)

11   "[I]n interpreting the evidence and developing the record, the ALJ does not need to
12   discuss every piece of evidence." Howard ex rel. Wolff v. Barnhart, 341 F.3d 1006, 1012 (9th
13   Cir. 2003) (citation omitted). Instead, the ALJ must provide an explanation for the rejection of
14   "significant probative evidence." Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984)
15   (citation omitted).

16   Here, plaintiff has failed to cite to any evidence of record establishing that the ALJ failed
17   to properly consider the medical opinion of plaintiff's treating physician or any other significantly
18   probative evidence.[3]

19   Plaintiff also argues that the ALJ erred by relying on the opinion of examining physician
20   Dr. Daigle[4] and the opinions of non-examining physicians Dr. Gottchalk and Dr. Hurwitz because

---

[3] Within this claim, plaintiff also argues that the ALJ improperly found plaintiff to be not credible because of plaintiff's failure to seek treatment, even when freely available while plaintiff was incarcerated, and because his claims were inconsistent with the medical evidence from his treating and examining physicians. Such considerations by the ALJ, however, are permissible. See Batson v. Comm'r of Social Sec. Admin., 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that the ALJ properly relied on objective medical evidence and medical opinions in determining credibility); Meanel v. Apfel, 172 F.3d 1111, 1114 (9th Cir. 1999) (failure to request "any serious medical treatment for [claimant's] supposedly excruciating pain" was adequate reason to reject claimant's pain testimony).

[4] In his argument, plaintiff erroneously refers to Dr. Daigle as Dr. Cantry. See Pl.'s Reply (Dkt. No. 19) at 2 (acknowledging error).

5

"they failed to consider any or all of the medical records." (Pl.'s MSJ (Dkt. No. 17-1) at 18.) In this regard, plaintiff argues that "since Dr. Daigle's November 12, 2006 exam . . . plaintiff was seen on numerous occasions by Northgate Point, a division of Sacramento County Mental Health, Sacramento County Jail, and the CDCR . . . ." (Id. at 19.)

However, "[t]he opinions of non-treating or non-examining physicians may also serve as substantial evidence when the opinions are consistent with independent clinical findings or other evidence in the record." Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002). Here, although plaintiff objects to the ALJ's consideration of the opinions of doctors Diagle, Gottchalk and Hurwitz, plaintiff has failed to establish that their opinions are in any way inconsistent with independent clinical findings or other evidence in the record. Doctors Diagle, Gottchalk and Hurwitz may well not have had the benefit of all of plaintiff's medical records at the time they rendered their opinions. However, plaintiff does not argue and it does not appear, that those opinions are in fact inconsistent with the evidence of record which includes all of the plaintiff's medical records from his treating physicians that were considered by the ALJ.

## CONCLUSION

For these reasons the court finds that plaintiff is not entitled to summary judgment in his favor with respect to any of his arguments.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Dkt. No. 17) is denied;
2. Defendant's cross-motion for summary judgment (Dkt. No. 18) is granted; and
3. The decision of the Commissioner of Social Security is affirmed.

Dated: March 6, 2014

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:6
Ddad1\orders.soc sec\quinn2008.ord.docx